**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Hernandez, | No. CV-21-00892-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Allister Adel, Michael Faust, and Jeri Williams, | |
| Defendants. | |

Plaintiff initiated this case in Maricopa County Superior Court. (Doc. 1-3 at 21-30.) Through a handful of vague and conclusory allegations, Plaintiff appears to allege that Defendants failed to investigate sexual abuse of his child. (*Id.*) Defendants removed the matter to this Court, claiming that federal question jurisdiction exists because Plaintiff alleges a violation of his constitutional rights. (Doc. 1.) Since then, Defendants have moved to dismiss. (Docs. 6, 23.)

"The Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Young v. Owners Ins. Co.*, No. CV-20-08077-PCT-DWL, 2020 WL 1873485, at *1 (D. Ariz. Apr. 15, 2020). In removal cases, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). And, if at any time before entry of final judgment the Court determines that it lacks subject-matter jurisdiction, it must remand. 28 U.S.C. § 1447(c).

Subject-matter jurisdiction comes in two flavors: federal question jurisdiction and

diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Because the parties are not diverse, the only question is whether Plaintiff has pled claims that "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

All indications are that Plaintiff's claim arise under state law, not federal law. Under a section of his complaint entitled "Applicable Law Support Claims," Plaintiff lists a series of Arizona state statutes. (Doc. 1-3 at 25.) In his demand for relief, Plaintiff asks that Defendants "Enforce State Laws and Protect my child from his ABUSER." (*Id.* at 30.) The complaint's only mention of constitutional rights occurs in a section entitled "Statement of Facts and Breach," wherein Plaintiff alleges "Deprivation of Constitutional Rights Victim Of A Crime Rights in multiple occasions. (Deprivation is ongoing)." (*Id.* at 22.) In context, this reference to constitutional rights clearly refers to the Victims' Bill of Rights in the Arizona state constitution, *see* Ariz. Const. art. II, § 2.1, not to any right secured by the United States Constitution. If there were any doubt, Defendant Allister Adel's motion to dismiss dispels it. There, she acknowledges that Plaintiff "does not specify whether the alleged violations were of federal or state constitutional rights" and then proceeds to argue that Plaintiff fails to plausibly allege a violation of the Arizona Victim's Bill of Rights, without further mention of the United States Constitution. (Doc. 23 at 3, 5-7.)

A complaint's bare reference to unspecified "constitutional rights" is not a free pass into federal court; states have constitutions, too. This is a federal court of limited subject-matter jurisdiction. Absent diversity jurisdiction, it cannot adjudicate claims arising purely under Arizona's constitution and statutes. Accordingly,

**IT IS ORDERED** that this matter is **REMANDED** to the Maricopa County Superior Court.

Dated this 12th day of October, 2021.

Douglas L. Rayes
United States District Judge